Dear Mayor Sanders:
You have requested the opinion of this office as to whether "the Town of Plain Dealing can legally expend $10,000 from reserve funds to purchase a building, and donate it to the Bossier Parish Ambulance District." According to your letter, the building would be used as headquarters for the personnel and ambulances of the District, which serve all of the people of the northern part of Bossier Parish.
Please be advised that La. Const. (1974) Art. VII, Sec. 14
expressly prohibits political subdivisions, such as the Town of Plain Dealing, from donating public funds, credit, property, or things of value to or for any person, firm, or corporation, public or private. Therefore, it is the opinion of this office that the Town of Plain Dealing cannot donate a building to the Bossier Parish Ambulance District.
We are aware that the purposes for which the District was formed complement the health and safety goals of the Town of Plain Dealing. As such, we wish to advise that even though it is the opinion of this office that the Town cannot donate funds or property to the ambulance district, this opinion should not be construed as prohibiting the two public entities from engaging in cooperative health and safety endeavors.
Pertinent in this regard is Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1983). Therein, the Louisiana Supreme Court determined that a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or legal duties" and were accepted by the Foundation "with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
In accordance with the Guste decision, the Town of Plain Dealing could transfer public funds or property to the ambulance district, if the transfer was pursuant to a cooperative endeavor agreement whereby the district agreed to perform, on behalf of the Town, legal or statutory obligation(s) or function(s) that would otherwise have to be performed by the Town. Enclosed herewith is a copy of Atty. Gen. Op. No. 93-787, which discusses cooperative endeavors in some detail.
We trust this adequately responds to your request. Please do not hesitate to contact this office if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General RPI:JMZ:jav 0454n